UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BLAINE PETERSON,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F. HORN,
CORRECTION OFFICER R. DIAZ, CORRECTION
OFFICER GIBSON, CORRECTION OFFICERS JOHN
AND JANE DOES, #1-5

                              Defendants.

**ANSWER**

Jury Trial Demanded

07 Civ. 7111 (RMB)(MHD)

------------------------------------------------------------------------ x

        The City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits plaintiff purports to proceed as stated therein.

        2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits plaintiff purports to proceed as stated therein and further admits that on April 24, 2006, there was a Use of Force Incident involving plaintiff and Department of Correction staff.

        3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits plaintiff purports to proceed as stated therein.

        4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        5.     Denies the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits plaintiff purports to base venue as stated therein.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff was detained and awaiting trial in the custody of the Department of Correction on April 24, 2006.

8. Admits the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that Martin Horn was and is the Commissioner for the New York City Department of Correction and respectfully refers the Court to the City Charter and Administrative Code for a recitation of the duties and responsibilities of the Commissioner of the New York City Department of Correction.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint as it refers to an unidentified person.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that Officer R. Diaz and Officer Gibson are employed by defendant City of New York.

12. Denies the allegations set forth in paragraph "12" of the complaint and respectfully refers all questions of law to the Court.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that a purported Notice of Claim was received in the Office of the Comptroller of the City of New York on or about July 25, 2006 and further admits that the purported claim has not been settled or otherwise disposed of.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff received 90 days of punitive segregation following the April 24, 2006 incident.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, including all subparts.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-19" inclusive of its answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "21" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-22" inclusive of its answer, as if fully set forth herein.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-31" inclusive of its answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-35" inclusive of its answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-40" inclusive of its answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint and respectfully refers all questions of law to the Court.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-43" inclusive of its answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-49" inclusive of its answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. In response to the allegations set forth in paragraph "53" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1-52" inclusive of its answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

57. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59.     At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion, therefore it is entitled to state law good faith immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61.     Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

62.     Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63.     Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

64.     Plaintiff's conspiracy claim is barred by the intra-corporate conspiracy doctrine.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 24, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 3-141
                        New York, New York 10007
                        (212) 788-0869

By:   /s/ Jordan M. Smith
      Jordan M. Smith
      Assistant Corporation Counsel

To:  Leo Glickman, Esq. (by ECF)
     71 Nevins Street
     Brooklyn, New York  11217