USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-25-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

BLAINE PETERSON,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                    Defendants.

------------------------------------------------------------ X

**STIPULATION AND PROTECTIVE ORDER FOR ATTORNEYS' EYES ONLY**

07 CV 7111 (RMB)(MHD)

        **WHEREAS**, plaintiff has requested that defendants produce certain records of training material utilized by the New York City Department of Correction; and

        **WHEREAS**, defendants deem such information confidential and of a sensitive nature, and to implicate the privacy and penological security interests of the New York City Department of Correction and its employees; and

        **WHEREAS**, defendants deem that disclosure of such information should be for **ATTORNEYS' EYES ONLY**, and should be disseminated only to plaintiff's counsel; and

        **WHEREAS**, defendants object to the disclosure of this information and production of any documents containing this information unless appropriate protection for the confidentiality of such information is assured; and

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

        1.    As used herein, "Confidential Materials – Attorneys' Eyes Only" shall refer to training records produced in this litigation by defendant City of New York, and any other information or documents related to penological security techniques, methods or equipment, that the defendants may in the future in good faith deem "Confidential Materials – Attorneys' Eyes

Only" pursuant to this Order because of privacy, security, law enforcement, or governmental interests, except that such documents and information shall not be deemed "Confidential Materials – Attorneys' Eyes Only" to the extent, and only to the extent, that they are (a) obtained by plaintiffs from sources other than defendants, or (b) are otherwise publicly available.

2. The defendants shall designate in good faith particular documents "Confidential Materials – Attorneys' Eyes Only" by labeling such documents "Confidential Materials – Attorneys' Eyes Only" and/or by designating such documents by Bates Number in writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials – Attorneys' Eyes Only" documents sought by subpoena from third parties, and such documents, if produced to plaintiff, shall be treated as "Confidential Materials – Attorneys' Eyes Only" during such reasonable period. The defendants reserve the right to designate any documents "Confidential Materials – Attorneys' Eyes Only" pursuant to this agreement if necessary after production of such documents to plaintiff's counsel. If plaintiff objects to the designation of particular documents as "Confidential Materials – Attorneys' Eyes Only" plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the defendants shall, within fifteen (15) days of receiving plaintiff's objections, move for an order approving such designation.

3. Plaintiff's attorneys shall not use the "Confidential Materials – Attorneys' Eyes Only" for any purpose other than for the preparation or presentation of the case entitled Blaine Peterson v. City of New York, et al., 07 Civ. 7111 (RMB)(MHD) ("this action").

4. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

a.  Disclosure may be made only if necessary to the preparation or presentation of their cases in this action.

b.  Disclosure before trial may be made only to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. In the event a conflict arises between the parties as to whether plaintiff's counsel may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by plaintiff's attorneys and copies provided to counsel for defendants within five days of its execution.

5.  Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall at defendants' request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6.  If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

7.  However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court.

8.  Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, and all nonconforming copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to

-4-

defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.

10. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

11. The parties reserve their rights to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

Dated:      New York, New York
            January 15, 2008

| | |
|---|---|
| Leo Glickman, Esq. | MICHAEL A. CARDOZO |
| Attorney for Plaintiff | Corporation Counsel of the |
| Stoll Glickman & Bellina LLP | City of New York |
| 71 Nevins Street | Attorney for Defendant City of New York |
| Brooklyn, NY 11217 | 100 Church Street |
| (718) 852-3710 | New York, New York 10007 |
| | (212) 788-0869 |
| By: /s/ Leo Glickman | By: /s/ Jordan M. Smith |
| Leo Glickman, Esq. | Jordan M. Smith, Esq. |
| | Assistant Corporation Counsel |

12. THE COURT RETAINS DISCRETION WHETHER TO AFFORD CONFIDENTIAL TREATMENT TO ANY CONFIDENTIAL DOCUMENT OR INFORMATION CONTAINED IN ANY CONFIDENTIAL DOCUMENT SUBMITTED TO THE COURT IN CONNECTION WITH ANY MOTION, APPLICATION, OR PROCEEDING THAT MAY RESULT IN AN ORDER AND/OR DECISION BY THE COURT.

SO ORDERED:

/s/ RMB
~~HONORABLE RICHARD M. BERMAN~~
~~UNITED STATES DISTRICT JUDGE~~
~~HONORABLE MICHAEL H. DOLINGER~~
~~UNITED STATES MAGISTRATE JUDGE~~

1/24/08
HON. RICHARD M BERMAN

-5-